IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE LEWIS, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 10-0029 |
| v. | : | |
| | : | |
| OFFICER SHARON SILFIES, et al., | : | |
| | : | |
| Defendants. | : | |

**OPINION**

**Slomsky, J.**                                                                                             **August 24, 2012**

**I.      INTRODUCTION**

Before the Court is a Joint Motion for Involuntary Dismissal filed by all named Defendants in the instant litigation. (Doc. No. 44.) This case involves *pro se* Plaintiff Tyrone Keith Lewis, who filed a civil rights action alleging violation of his constitutional rights while he was incarcerated at Lehigh County Prison in Pennsylvania. For reasons discussed below, the Court will grant the Joint Motion for Involuntary Dismissal as to the entire action.

**II.     STATEMENT OF FACTS**

On January 4, 2010, Plaintiff Tyrone Keith Lewis commenced the instant litigation by filing a motion to proceed *in forma pauperis*. (Doc. No. 1.) On January 8, 2010, the Court granted Plaintiff's motion to proceed *in forma pauperis* and a Complaint was filed. (Doc. Nos. 2, 3.) At that time, Plaintiff was a prisoner at Lehigh County Prison in Pennsylvania. (Doc. No. 1.)

On March 3, 2010, Plaintiff filed an Amended Complaint, naming as Defendants: Officer

Sharon Silfies[1], Officer Christopher Begel, Officer Kyle Blocker, Officer Scott Reynolds[2], Nancy Afflerbach, Steven Miller, Carol Sommers, Lehigh County, Lehigh County Department of Corrections, James Bloom, Lt. Gregory Thomas, Adrian Anderson, and Chris Miller (collectively "Lehigh Defendants"); Prime Care Medical, Inc.,[3] Judith Cihylik, Josie Bahnick, and Chris Myers[4] (collectively "Medical Defendants"); and Unknown Parties.  (Doc. No. 10.)

Plaintiff has alleged a number of violations of his rights under 42 U.S.C. § 1983, as well as under Pennsylvania state law, arising from the conditions of his imprisonment at Lehigh County Prison.  (Id.)  On March 22, 2010 and March 26, 2010, Plaintiff filed a Request for Appointment of Counsel and a Motion for Appointment of Counsel, respectively.  (Doc. No. 14, 15.)  On April 7, 2010, the Medical Defendants filed a Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 18.)  That Motion is still pending before the Court.

Thereafter, the Court entered an Order referring this matter to the Civil Rights Panel for appointment of counsel to represent Plaintiff.  (Doc. No. 19.)  During the following month, Plaintiff filed a Notice of Change of Address informing the Clerk of Court that he was being

---

[1] Defendant Silfies is identified on all court documents as having the last name "Silfies." However, the caption of this action incorrectly reads "Lewis v. Sophies, et al."

[2] Defendant Scott Reynolds is incorrectly identified as "Julie Reynolds."  (Doc. No. 25 at 4.)

[3] Although the docket lists Defendant Prime Care Medical, Inc. as "Terminated: 08/17/2011," nothing on the record reflects a termination of Prime Care Medical, Inc. from this action.

[4] Although the docket lists Defendant Chris Myers as "Terminated: 08/17/2011," nothing on the record reflects a termination of Defendant Myers from this action.

housed at the Curran Fromhold Correctional Facility ("CFCF") in Philadelphia, Pennsylvania (Doc. No. 22); the Lehigh Defendants filed an answer and cross-claim against the Medical Defendants (Doc. No. 25); and the Medical Defendants filed an answer to the cross-claim (Doc. No. 27). On August 6, 2010, the Court entered an Order placing this case in suspense pending the appointment of an attorney from the Civil Rights Panel. (Doc. No. 28.)

On September 19, 2011, in accordance with the rules of this Court for the appointment of counsel and after at least two successive attorneys declined to accept appointment to represent Plaintiff, the Court vacated the request for appointment of counsel. (Doc. No. 33.) Additionally, a status conference was scheduled for November 15, 2011. (Doc. No. 32.)

In preparation for the status conference, court personnel contacted CFCF to inquire about conducting the status conference through video conferencing. The Court was informed that Plaintiff Lewis was no longer incarcerated there. A copy of the Order scheduling the November 15, 2011 status conference was mailed to the detention center because it was Plaintiff's address of record, as well as to 2605 West Somerset Street, Philadelphia, Pennsylvania 19132, the address provided by Plaintiff to CFCF upon his release from custody. (Doc. No. 32.)

On November 15, 2011, the Court held a status conference, at which time Plaintiff failed to appear. (Doc. Nos. 36, 40.) Counsel for Defendants, Thomas M. Caffrey, Esquire, and Andrew Dollman, Esquire, were present in Court. (Id.) Noting Plaintiff's *pro se* status, the Court stated that it would schedule another status conference in order to give Plaintiff an additional opportunity to pursue his claims. (Hr'g Tr. 6:11-7:19, Nov. 15, 2011.) Counsel for Defendants requested that they be permitted to appear by telephone at the subsequent hearing. (Hr'g Tr. 7:13-8:14.) The Court granted counsels' request. (Hr'g Tr. 7:22-8:8.)

That same day, an Order was entered scheduling a second status conference for December 19, 2011.  (Doc. No. 35.)  The Order specifically provided: "Plaintiff is required to attend <u>in person</u> the status conference."  (<u>Id.</u>)  A copy of the November 15, 2011 Order was again mailed to CFCF because it was Plaintiff's address of record, as well as to 2605 West Somerset Street, Philadelphia, Pennsylvania 19132.  (<u>Id.</u>)

On December 19, 2011, a second status conference was held.  (Doc. Nos. 39, 41.)  Counsel for Defendants, Thomas M. Caffrey, Esquire, and Elizabeth Delach Snover, Esquire, appeared by telephone in accordance with the November 15, 2011 Order.  (Hr'g Tr. 2:3-13, Dec. 19, 2011.)  Plaintiff again failed to appear.  However, his son, Tyrone Flyzell Lewis, appeared at the conference and informed the Court that Plaintiff does not reside at 2605 West Somerset Street.  (Hr'g Tr. 5:4-11, Dec. 19, 2011.)  Moreover, Plaintiff apparently requested all orders be sent to his place of employment, N-Motion Barber Shop, located at 2516 N. Dickinson Street in Philadelphia, Pennsylvania.  (Hr'g Tr. 5:13-6:11, Dec. 19, 2011.)

Noting Plaintiff's absence, the Court instructed Plaintiff's son to speak to his father and have Plaintiff contact Chambers with a new mailing address.  (Hr'g Tr. 7:1-14, Dec. 19, 2011.)  The Court informed counsel and Plaintiff's son that it would schedule one more status conference and that counsel would be permitted to appear by telephone.  (Hr'g Tr. 12:16-19, Dec. 19, 2011.)

During the next few months, the Court learned that Plaintiff was no longer employed by N-Motion Barber Shop and that he requested to have all court papers sent to the following address: 2704 Dickinson Street, Philadelphia, Pennsylvania 19146.  On May 29, 2012, the Court entered an Order scheduling a third status conference for June 12, 2012 at 1:00 p.m.  (Doc. No.

42.)  The Order specifically provided: "Plaintiff is required to attend the status conference **IN PERSON**."  (Doc. No. 42.)  A copy of the Order was again mailed to CFCF because it remained Plaintiff's address of record, and to 2704 Dickinson Street, Philadelphia, Pennsylvania 19146.  (Doc. No. 42.)

On June 12, 2012, in accordance with this Court's Order (doc. no. 42), a third status conference was held.  (Doc. No. 43.)  Plaintiff again failed to attend the status conference.  Counsel for Defendants, Thomas M. Caffrey, Esquire, and Elizabeth Delach Snover, Esquire, appeared by telephone and in person, respectively.  (Hr'g Tr. 2:6-18, June 12, 2012.)  The Court waited until 1:30 p.m. before adjourning.  (Hr'g Tr. 5:22-25, June 12, 2012.)

Less than a week later, on June 18, 2012, Defendants filed the instant Joint Motion for Involuntary Dismissal pursuant to Federal Rule of Civil Procedure 41(b).  (Doc. No. 44.)  On July 17, 2012, well after the fourteen-day period provided by Rule 7.1 of this Court for Plaintiff to file a response, the Court ordered the parties to appear before the Court on August 22, 2012 at 11:00 a.m. to show cause as to why the Joint Motion for Involuntary Dismissal should not be granted.  (Doc. No. 46.)  Once again, the Order specifically provided: "Plaintiff is required to attend the status conference **IN PERSON**."  (Doc. No. 46.)  The Clerk of Court was directed to mail a copy of the Order to the address of record provided by Plaintiff.  In addition, a copy of the Order was mailed to 2704 Dickinson Street, Philadelphia, Pennsylvania 19146.  (Doc. No. 46.)

Defendants attempted to effectuate service of the July 17, 2012 Order on Plaintiff in accordance with the Order and Federal Rule of Civil Procedure 4.  (Doc. Nos. 46, 47.)  On July 19, 2012, at 9:40 p.m., a process server attempted to serve the Order on Plaintiff at 2704 Dickinson Street, Philadelphia, Pennsylvania 19146.  (Doc. No. 48 at 1.)  A Ms. Bennett was at

the residence and indicated that Tyrone Keith Lewis neither resides at that address, nor does she know him. (Id.) As discussed above, this is Plaintiff's last known address.

On August 22, 2012, the Court held the scheduled show cause hearing. (Doc. No. 49.) Counsel for Defendants, Thomas Caffrey, Esquire, and Elizabeth Dolach Snover, Esquire, participated by telephone. Plaintiff again did not appear at the hearing, in direct violation of the Court's July 17, 2012 Order. After waiting until 11:22 a.m., the Court noted Plaintiff's absence and history of noncompliance with the Orders of this Court. The Court advised counsel for Defendants that an Opinion and appropriate Order granting the Joint Motion for Involuntary Dismissal would be forthcoming. Thus, after careful consideration of the history of this action, and in particular, the *non-action* of Plaintiff, the Court finds substantial justification for dismissing this action in its entirety.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.

Before dismissing a case, a district court should consider and balance the six factors set out in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868. The Third Circuit has made clear that no single Poulis factor is dispositive and that "not all of the Poulis factors need be satisfied in order to dismiss a

complaint." Briscoe v. Klaus, et al., 538 F.3d 252, 263 (3d Cir. 2008) (internal quotations omitted); see Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992.)

## IV. DISCUSSION

Throughout the course of this litigation, the Court has proceeded with caution because Plaintiff is *pro se*. While the Court recognizes that dismissals with prejudice are "drastic sanctions," Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 867-68 (3d Cir. 1984), Plaintiff's failure to prosecute this action or to comply with Court Orders weighs heavily in the Court's analysis.

With respect to the first Poulis factor, the extent of the party's personal responsibility, Plaintiff is solely responsible for his failure to prosecute and comply with Court Orders. A *pro se* plaintiff is personally responsible for his or her failure to comply with a court's orders, as he or she is solely responsible for the progress of their case. Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008); Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). Moreover, Plaintiff's failure to comply with this Court's Orders is well documented on the record. Specifically, Plaintiff failed to appear before the Court on November 15, 2011, December 19, 2011, June 12, 2012, and August 22, 2012, in direct violation of Court Orders. (Doc. Nos. 32, 35, 42, 46.) In addition, the record reflects that the Court provided Plaintiff with numerous opportunities to explain his failures and continue to prosecute his claims. (See Hr'g Tr. 6:11-7:9, Nov. 15, 2011; Hr'g Tr. 12:16-13:8, Dec. 19, 2011; Hr'g Tr. 6:1-12, June 12, 2012.)

The second factor, the prejudice to the adversary, also weighs in favor of dismissal. Plaintiff filed his Amended Complaint on March 10, 2010, over two years ago. (Doc. No. 10.)

The Medical Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 18), and the Lehigh Defendants filed an Answer to Plaintiff's Amended Complaint (Doc. No. 25).  All Defendants have complied with their obligations in defending against Plaintiff's claims.  However, Plaintiff has failed to file a single document of record since April 30, 2010.  (Doc. No. 24.)  Because of Plaintiff's dilatory conduct, it is unlikely that Defendants would be able to conduct discovery or prepare effectively for a trial in this case.  See Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003) (prejudice includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy . . . ").  As such, allowing this case to remain open would result in prejudice to Defendants.

Third, the procedural history of this case, as set forth above, reflects a history of dilatoriness.  As noted above, Plaintiff has not filed a single document of record since April 30, 2010, nor did he file a response to the Medical Defendants' Motion to Dismiss.  Moreover, Plaintiff failed to appear at three court-ordered status conferences on November 15, 2011, December 19, 2011, and June 12, 2012, in direct violation of this Court's Orders.  (Doc. Nos. 32, 35, 42.)  Finally, Plaintiff failed to appear at the court-ordered show cause hearing held on August 22, 2012.  (Doc. Nos. 46, 49.)  Moreover, Plaintiff has failed to provide the Court with his correct address or even respond to the direction that the Court gave to his son at the December 19, 2011 hearing.  Plaintiff's history of dilatoriness is well supported by the record.

As to the fourth Poulis factor, whether the conduct of the party or the attorney was willful or in bad faith, it appears to the Court that Plaintiff's conduct is not merely negligent or inadvertent.  This Court's Orders put Plaintiff on notice that his presence was required at the scheduled conferences and hearing.  Moreover, court personnel went to great lengths to contact

Plaintiff and inform him of the upcoming conferences. Even information about the case from his son went unheeded. Thus, this factor also weighs in favor of dismissal.

Next, the Court concludes that there are no effective alternative sanctions other than dismissal. For instance, it is highly unlikely that monetary sanctions such as fines, costs, or payments of attorneys' fees would be effective sanctions in this case. Plaintiff is proceeding *pro se* and *in forma pauperis* and could not afford to pay such sanctions. See Briscoe v. Klaus, 538 F.3d 252, 262-63 (3d Cir. 2008). As such, there are no alternative sanctions to dismissal available to the Court.

Finally, the sixth Poulis factor, the meritoriousness of the claim or defense, is the only factor that is somewhat neutral in the Court's analysis. However, the failure of Plaintiff to respond to the Medical Defendants' Motion to Dismiss, as well as the lack of any discovery or further communication from Plaintiff, renders it difficult to make a determination as to the merits of his claim.

In balancing the Poulis factors, the Court again recognizes that no single factor is dispositive, and that not all factors must be satisfied in order to properly dismiss a complaint. Briscoe, 538 F.3d at 263. After a thorough review of the record in this case, it is clear that the first five Poulis factors favor dismissal of this action.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Joint Motion for Involuntary Dismissal will be granted. (Doc. No. 44.) The instant action will be dismissed with prejudice and the case will be closed.

An appropriate Order follows.